# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS GUZMAN BRAVO,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | **NO. 26-3652** |
| **v.** | : | |
| | : | |
| **WARDEN OF THE FEDERAL** | : | |
| **DETENTION CENTER** | : | |
| **PHILADELPHIA,** *et al.*, | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 31ˢᵗ day of May 2026, upon consideration of the *petition for writ of habeas corpus*, (the "Petition"), (ECF 1), filed by Petitioner Carlos Guzman Bravo, ("Petitioner"), and the answer in opposition filed by Respondents Warden of the Federal Detention Center of Philadelphia, Todd Blanche, Acting Attorney General of the United States, Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, and Michael Rose, Acting Director of Philadelphia Field Office, U.S. Immigration and Customs Enforcement, ("ICE"), (collectively, the "Government"), (ECF 4), it is hereby **ORDERED** that, for the reasons set forth in the footnote, the Petition for a writ of *habeas corpus* is **GRANTED**,[1] as follows:

---

[1]    Petitioner is a citizen of Nicaragua who is alleged to have entered the United States near Eagle Pass port of entry in Texas on November 22, 2022. (Pet., ECF 1 at ¶¶ 26-27; Ans., ECF 4 at 4).  According to Petitioner, he was inspected, taken into custody and paroled into the United States. (Pet., ECF 1 at ¶ 11). Petitioner avers that he completed and timely filed a Form I-589 Application for Asylum and work permit. (*Id*. at ¶ 27).  On May 27, 2026, when Petitioner attended a regularly scheduled ICE check-in, he was detained by ICE in Philadelphia pursuant to 8 U.S.C. § 1225(b)(2), without an opportunity to post bond or to be released on other conditions. (Pet., ECF 1 at 1-2; Ans., ECF 4 at 4).

By way of the underlying Petition, Petitioner seeks *habeas* relief in the form of immediate release from detention or, alternatively, a bond hearing in which the Government bears the burden to justify Petitioner's continued detention.  Petitioner also requests that the Court set aside recent policies implemented by the Government that Petitioner argues are contrary to the statutory rights of non-citizens as himself.  Petitioner further argues that his detention violates the Immigration Nationality Act, ("INA"), his rights under the Fifth Amendment Due Process Clause of the United States Constitution, and the Administrative Procedures Act, ("APA").  In its response, the Government argues that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) and that his detention comports with constitutional due process. Each argument is addressed in turn.

As noted, Petitioner argues that his detention violates the plain language of the INA because Section 1225(b)(2) does not apply to individuals like Petitioner, who have already entered and were residing in the United States at the time they were apprehended.  Rather, Petitioner argues, individuals such as him are subject to § 1226(a).  In its response, the Government reiterates an argument that this Court and others in this district and throughout the country have addressed and rejected.  Specifically, the Government argues that as Petitioner is present in this country and has not been admitted, he is an "applicant for admission" who is also "seeking admission" such that his detention under Section 1225(b)(2) is lawful.

As to the Government's position that Section 1225(b)(2) justifies Petitioner's detention, this Court herein incorporates by reference its many rulings on this very issue and again finds that DHS is not authorized to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2).  *See, e.g.*, *Kumar v. McShane*, Civil Action No. 25-6238, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, No.25-7420, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026).  The Court further finds that DHS' present authority to detain Petitioner lies at best, within § 1226(a), because he is a noncitizen who was paroled into the country without immigrant status.  *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, a [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States.").  As such, Petitioner is, at the very least, entitled under law to a bond hearing, and his continued detention without such a hearing violates the INA.  *See id.*

Petitioner also argues that he has a fundamental interest in his liberty and being free from official restraint, and that his erroneous detention by the Government without any individualized finding or apparent government interest in his detention violates his right to due process.  Relying on a Supreme Court case analyzing substantive due process violations, *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Government argues that Petitioner's detention is aligned with the government's profound interest to detain undocumented persons during removal proceedings and that Petitioner's detention has not yet reached an unreasonable duration.

Construing Petitioner's challenge as one rooted in procedural due process, this Court applies the *Mathews v. Eldrige* balancing test to determine whether Petitioner's rights have been violated.  424 U.S. 319, 335 (1976).  The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because his implicated interest is his liberty.  The second factor, the risk of erroneous deprivation of such interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived as his Section 1225(b)(2) detention is without a basis in law.  Finally, considering the Government's interest, this Court finds that the function and burden — if any exist — on the Government to provide Petitioner with due process do not come close to justifying the current intrusion on Petitioner's rights.  On balance, considering the *Mathews* factors, this Court finds that the Government's failure to afford Petitioner with due process in effectuating his detention violates his due process rights.

Finally, Petitioner argues that he is aggrieved under the APA by the Government's arbitrary detention of him without any indication that his circumstances have changed such that he is now a danger or flight risk.  Because this Court finds that Petitioner's detention violates the INA and due process, this Court need not and will not reach Petitioner's APA argument.

In light of the statutory and due process violations, Petitioner further seeks his immediate release from custody or, alternatively, an order requiring a bond hearing.  Because the Government posits that Petitioner's detention is lawful under the INA and is constitutional, it provides no argument as to a remedy.  A *habeas* court is empowered to "dispose of the matter as law and justice require."  28 U.S.C. §§ 2241(a), 2243.  "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention."  *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation of the INA, as well as a violation of Petitioner's Constitutional due process rights.  *See* 28

1. The Government's mandatory detention of Petitioner Carlos Guzman Bravo under 8 U.S.C. § 1225(b)(2) violates the INA and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2. Because Petitioner Carlos Guzman Bravo is in custody in violation of the law and the Constitution of the United States, he is to be ***immediately*** transferred and transported from the Moshannon Valley Processing Center to the Federal Detention Center in Philadelphia, Pennsylvania and, upon his arrival, he is to be immediately released therefrom;[2]

3. The Government is further directed to return to Petitioner Carlos Guzman Bravo any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on May 27, 2026; and

4. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on June 1, 2026.

The Clerk of Court shall mark this case **CLOSED**, upon receipt of the certification.

BY THE COURT:
/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

U.S.C. § 2241(c)(3). Consequently, this Court finds that law and justice require Petitioner's immediate release. Given that Petitioner's request for immediate release is granted, the Court declines to consider his request for a ruling setting aside the Government's policy as outside the bounds of the ordered *habeas* relief.

[2]     By Order dated May 29, 2026, (ECF 5), this Court instructed, *inter alia*, that the Government not move or remove Petitioner outside of the City of Philadelphia or the Federal Detention Center in Philadelphia during the pendency of this matter. Petitioner brought to the Court's attention the ICE detainee locator search results in his Petition, reflecting his detainment in the Philadelphia Federal Detention Center as of May 28, 2026. (*See* Screenshot of ICE Detainee Locator, ECF 1-3). As of the date of this Order, the same publicly available Government database shows that Petitioner is today detained at the Moshannon Valley Ice Processing Center in Clearfield County, Pennsylvania, apparently, contrary to this Court's May 29, 2026 Order. Accordingly, the Court takes judicial notice of that fact. *See Vanderklok v. United States*, 868 F.3d 189, 205 n. 16 (3d Cir. 2017) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("It is appropriate to take judicial notice of ... information ... made publicly available by government entities[.]"). Thus, the Government is ordered to transfer Petitioner back to the FDC with the same expediency with which it transferred him to the Moshannon Valley Processing Center.